```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

AA Stucco & Drywall, Inc.,

      Plaintiff,

v.                                    Case No:  2:25-cv-157-JES-KCD

FIRST FOUNDATION BANK, a California Banking corporation

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff AA Stucco & Drywall, Inc's Motion for Summary Judgment (Doc. #33) filed on June 30, 2025. Defendant First Foundation Bank filed a Response to the Motion for Summary Judgment (Doc. #39) on September 12, 2025. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.**

Plaintiff initiated this action against Defendant on February 26, 2025, alleging that Defendant failed to verify forty-two fraudulent wire transfer requests made to Plaintiff's account by a third-party. (Doc. #1.) In the operative complaint, Plaintiff alleges that Defendant was bound by certain callback procedures outlined within the Treasury Operations Master Agreement (the

"TOMA"), an agreement Plaintiff entered into with First Florida Integrity Bank ("FFIB") in 2018. Defendant and FFIB merged sometime in 2021, and Defendant assumed FFIB's liabilities and obligations. Thus, according to Plaintiff, when the fraudulent wire transfer requests were submitted in January 2025, Defendant was bound by the callback verification procedure outlined in the TOMA. (Doc. #10, pp. 2-6.)

The parties conferred before the Court pursuant to Federal Rule of Civil Procedure 16(b) on June 9, 2025 (Doc. #27.) Following the Rule 16(b) conference, the Court entered a Case Management and Scheduling Order, setting, among other things, an April 24, 2026, discovery deadline. (Doc. #28.)

On June 30, 2025, Plaintiff filed the instant Motion for Summary Judgment, recognizing that "this motion is filed very early in the proceedings[,]" but nevertheless asserting that summary judgment is appropriate because Defendant's liability "turns on the purely legal question" of whether the TOMA governs. (Doc. #33, pp. 1-2.) Defendant responds that it was not bound by the verification procedures outlined in the TOMA, because Defendant and Plaintiff entered into a separate agreement, the Master Treasury Services Management Agreement (the "MTSMA") after the merger. (Doc. #39, pp. 3-4.)

2

On *sua sponte* review, the Court finds that Plaintiff's Motion for Summary Judgment is premature. "Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013). See also Fed. R. Civ. P. 56(d) (providing for discovery where a non-movant cannot present facts essential to justify its opposition to the summary judgment motion).

Here, Defendant argues that a genuine dispute of material fact exists as to the governing agreement at the time of the fraudulent wire transfer requests. But "summary judgment may only be decided upon an adequate record[,]" and on June 30, 2025, when Plaintiff filed the instant motion, the discovery deadline was still ten months away. See WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). It would be premature for the Court to evaluate the merits of Plaintiff's claim against Defendant where, as here, Defendant still has time to develop the record and justify its opposition. At the close of discovery, Plaintiff may renew its motion.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Summary Judgment (Doc. #33) is **DENIED WITHOUT PREJUDICE.**

3

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of __October__ 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of __October__ 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record